UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH RAY PARRISH,

        Plaintiff,

v.

Case No. 05-C-0588

BYRAN BARTOW, et al.

        Defendants.

# ORDER

Plaintiff Kenneth Ray Parrish, a patient at the Wisconsin Resource Center, has brought an action pursuant to 42 U.S.C. § 1983 for alleged civil rights violations. He also seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

I will grant Parrish's request for *in forma pauperis* status, but I nevertheless conclude that his complaint fails to state a claim upon which relief can be granted and that the case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . .").

## I. REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Ordinarily, a plaintiff must pay a statutory filing fee of $250 to bring an action in federal court. 28 U.S.C. § 1914(a). Parrish, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Section 1915 is meant to ensure indigent litigants meaningful access

to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Parrish filed the required declaration of indigence. Upon review of his declaration, I am satisfied that he meets the poverty requirements of 28 U.S.C. § 1915. Parrish swears that he has no job, no other source of income, and no money in any bank or institution account. He thus lacks the money to pay the filing fee, and I will grant him leave to proceed *in forma pauperis*.

## II.  FAILURE TO STATE A CLAIM

Parrish's complaint, like the other complaints he has filed in this court, is utterly incomprehensible. As is his custom, Parrish seems merely to have cut and pasted language from various cases or legal treatises in an attempt to manufacture a § 1983 claim that could pass screening. Because the complaint fails to allege facts supporting a § 1983 claim, it will be dismissed.

Parrish has purported to join three other patients at the WRC as plaintiffs. None of these individuals has signed the complaint. Parrish, who is not an attorney, may not bring an action on behalf of anyone but himself. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent

anyone other than himself."). Dismissal of this action will not operate as res judicata with respect to anyone other than Parrish.

### III.  ORDERS

**THUS, IT IS ORDERED** that Parrish's request for leave to proceed *in forma pauperis* is **GRANTED.**

**IT IS FURTHER ORDERED** that the § 1983 claim is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. The Clerk of Court shall enter judgment against Parrish in favor of the defendants accordingly.

Dated this   1st   day of June, 2005.

                                                   s/ William C. Griesbach
                                                   William C. Griesbach
                                                   United States District Judge